**In the Matter of the Petition of Thomas M. PADGET, esq.**

**Martell J. HILDERBRAND, esq., in his capacity as Campbell County and Prosecuting Attorney, Appellant (Respondent),**

**A.G. McClintock, esq., in his capacity as Attorney General of the State of Wyoming, (Respondent),**

**v.**

**Thomas M. PADGET, esq., Appellee (Petitioner).**

**No. 83–168.**

Supreme Court of Wyoming.

March 28, 1984.

Jack Sundquist, Gillette, for appellant.

No appearance for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This case arises from the refusal of the county and prosecuting attorney, appellant herein, to obey a district court order directing him to prosecute a former undercover agent for perjury. The appeal is from a finding by the district court that the prosecutor was in contempt of court for such refusal.

We reverse.

Between September, 1982, and April, 1983, the Campbell County Sheriff's Office employed a narcotics informant named Dennis Sharkey. During part of this period, Mr. Sharkey worked as an undercover contact, introducing deputies to controlled substance dealers. As a result of his work, Mr. Sharkey subsequently testified many times in the prosecution of offenses to which he was a witness. One such preliminary hearing, at which Mr. Sharkey testified, resulted in a dismissal of the charges for failure to establish probable cause. Also as a result of that preliminary hearing, appellee-petitioner, Mr. Padget, the defense attorney for the defendant who was the subject of the above-mentioned preliminary hearing, filed with the district court a motion to compel prosecution for perjury based on statements made by Mr. Sharkey at said preliminary hearing, which were not borne out by the transcripts made from the tape recordings taken of the incident. Mr. Hilderbrand, the Campbell County Attorney to whom the order compelling prosecution was directed, refused to comply with said order and was found to be in contempt of court for his refusal.

The issue in this appeal is not whether Mr. Sharkey is guilty of perjury, but rather, as worded by the appellant, Mr. Hilderbrand:

"May the district court, pursuant to Wyoming Statute Section 7–6–110 (W.S. 1981), order and compel Mr. Hilderbrand as Campbell County and Prosecuting Attorney to charge and prosecute a criminal case or is such order a violation of

the separation of powers doctrine embodied in Article 2, Section 1 of the Wyoming Constitution?"

Art. 2, § 1, of the Constitution of the State of Wyoming provides for the powers of the government of the state to be divided into three distinct departments—legislative, executive, and judicial, and

"no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

■ The executive function is to "take care that the laws be faithfully executed." Art. 4, § 4, Wyoming Constitution. The county and prosecuting attorney is a member of the executive branch of government, not the judicial, even though he is also an attorney, and thus an officer of the court. *People v. District Court in and for County of Larimer*, 186 Colo. 335, 527 P.2d 50, 52 (1974). In counties where there is no district attorney, the county and prosecuting attorney has all of the jurisdiction, responsibilities and duties of the district attorney, § 18–3–302(b), W.S.1977, (Cum. Supp.1983), and these include exclusive jurisdiction to:

"Act as prosecutor for the state in all felony, misdemeanor and juvenile court proceedings arising in the counties in his district, and prosecute such cases in the district courts and courts of limited jurisdiction or in other counties upon a change of venue." Section 9–1–804(a)(i), W.S.1977.

In the present case, the prosecuting attorney, appellant, investigated an alleged act of perjury, and came to the conclusion that, for whatever reason, a prosecution was not warranted. Mr. Padget thereupon filed a motion requesting prosecution under either § 7–6–110, W.S.1977, or in the alternative, § 9–2–505(c), W.S.1977.[1]

---

1. This section has been renumbered and is now § 9–1–603(c), W.S.1977 (October 1982 Replacement).

The district judge ordered the county attorney to prosecute the case by virtue of the authority purportedly given to him by § 7-6-110, which reads as follows:

"The judge of the district court may, upon affidavits filed, or other satisfactory proof to him made, of the commission of any crime or offense, require the county and prosecuting attorney to prosecute any criminal by information for such crime or offense, and may compel, by attachment, fine or imprisonment, either for a stated period, or until there shall be a compliance with his order, on the part of the county and prosecuting attorney, a compliance with the order and requirement of such judge, and such order may be made in open court, or in the vacation and recess of such court."

■ It is clear that the initial question as to whether or not charges should be brought in a criminal action must be answered by the executive branch of the state, whose duty it is to see that the laws of the state are "faithfully executed."

"The prosecutive decision traditionally has been exercised by the executive department, *Confiscation Cases*, 74 U.S. ([7] Wall.) 454, 19 L.Ed. 196 (1869), and an attempt by the judicial branch of government to exercise that authority by purporting to foreclose the refiling of a criminal charge in the absence of a constitutional or statutory proscription is constitutionally prohibited as a violation of the separation of powers doctrine." *State v. Faltynowicz*, Wyo., 660 P.2d 368, 377 (1983).

"(a) The decision to institute criminal proceedings should be initially and primarily the responsibility of the prosecutor." 1 ABA Standards for Criminal Justice, (1982 Supp.), § 3–3.4.

Even though the following cases deal with factual situations differing from that on appeal here, their analysis of the separation of powers is helpful to us.

"The People contend that our holding constitutes an invasion of the charging process, an area traditionally reserved to the prosecutor, because we have abridged his discretion in deciding 'what crime is to be charged or if any crime is to be charged.' (*People v. Sidener,* 58 Cal.2d 645, 658, 25 Cal.Rptr. 697, 375 P.2d 641.) This argument overlooks the fact that the magistrate's determination *follows* the district attorney's decision to prosecute. As stated in *Tenorio,* 'When the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature.' ([*People v.*] *Tenorio,* supra [3 Cal.3d 89], at p. 94, 89 Cal.Rptr. [249] at p. 252, 473 P.2d [993] at p. 996.)" (Emphasis in original.) *Esteybar v. Municipal Court for Long Beach Judicial District of Los Angeles County,* 5 Cal.3d 119, 95 Cal.Rptr. 524, 485 P.2d 1140, 1145 (1971).

" * * * Such strict application of [certain] sections would preclude a prosecutor from making a judgment—either for purely subjective reasons or as the result of discussions which might have been initiated by an arrestee—not to file a formal charge against or prosecute the arrestee. However, a prosecutor *is* vested with the obligation and authority to make those judgments. In both *People v. Tenorio* (1970) 3 Cal.3d 89, 89 Cal. Rptr. 249, 473 P.2d 993 and *Esteybar v. Municipal Court* (1971) 5 Cal.3d 119, 95 Cal.Rptr. 524, 485 P.2d 1140, this court struck down under the separation of powers doctrine legislative attempts to subject an exercise of judicial power to prosecutorial concurrence. But in both cases it was recognized that the prosecutor—as representative of the executive— is vested with discretion to forego prosecution in the first instance. [Citations.] 'Thus, *Esteybar* and *Tenorio* stand as clear and explicit authority for the proposition that the decision of when and against whom criminal proceedings are to be instituted is one to be made by the executive, to wit, the district attorney.' (*People v. Municipal Court* (1972) 27 Cal.App.3d 193, 204, 103 Cal.Rptr. 645.) * * *" (Emphasis in original.) *Hoines v. Barney's Club, Inc.,* 28 Cal.3d 603, 170 Cal.Rptr. 42, 620 P.2d 628, 633 (1980).

Just stating that the initial determination of whether to prosecute a case rests with the prosecutor is not enough. It must also be recognized that the prosecutor necessarily exercises considerable discretion in making that determination.

"The prosecutor has broad discretion to decide whether or not prosecution of an alleged crime will serve the public interest. [Citations.] He may, and should, consider a wide range of factors that bear on the merits of prosecution—the nature of the offense, the nature and severity of the sanctions that will be imposed upon conviction, the personal circumstances of the accused, the expense of prosecution and congestion in the courts. * * * " (Footnote omitted.) *Hoines v. Barney's Club, Inc.,* supra, 620 P.2d at 635 (Tobriner, J., dissenting). "A prosecutor's discretion in charging, deferring or requesting dismissal is limited by pragmatic factors, but not by judicial intervention. *See* Miller and Tiffany, Prosecutor Dominance of the Warrant Decision: A Study of Current Practices, 1964 Wash.U.Law Quarterly 1." *People v. District Court in and for County of Larimer,* supra, 527 P.2d at 52.

The ABA Standards for Criminal Justice, supra, also outline some of the factors to be considered by the prosecutor in deciding whether or not to charge, and such standards indicate the inappropriateness of unqualifiedly prosecuting every alleged criminal offense.

"(a) It is unprofessional conduct for a prosecutor to institute, or cause to be instituted, or to permit the continued pendency of criminal charges when it is known that the charges are not supported by probable cause. A prosecutor should not institute, cause to be instituted, or permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction.

"(b) The prosecutor is not obliged to present all charges which the evidence might support. The prosecutor may in some circumstances and for good cause consistent with the public interest decline to prosecute, notwithstanding that sufficient evidence may exist which would support a conviction. Illustrative of the factors which the prosecutor may properly consider in exercising his or her discretion are:

"(i) the prosecutor's reasonable doubt that the accused is in fact guilty;

"(ii) the extent of the harm caused by the offense;

"(iii) the disproportion of the authorized punishment in relation to the particular offense or the offender;

"(iv) possible improper motives of a complainant;

"(v) reluctance of the victim to testify;

"(vi) cooperation of the accused in the apprehension or conviction of others; and

"(vii) availability and likelihood of prosecution by another jurisdiction." ABA Standards, supra, § 3–3.9(a) and (b).[2]

▇▇▇ The statute here in question, § 7–6–110, supra, gives the district court the power to make the charging decision for the prosecuting attorney—indeed to order the prosecuting attorney to prosecute when he has reached the opposite conclusion. However, the statute does not require the district court to take into account the same considerations that the prosecuting attorney does, as noted above. We think it is clear that as the charging decision is properly within the scope of duty of the executive branch, it is a violation of Art. 2, § 1, of the Wyoming Constitution for this decision to be made by the judicial branch. Once the decision to prosecute has been made, then the judiciary becomes involved, but not before.

This is not to say that the citizens of our state are without recourse if they feel the prosecuting attorney is not exercising his discretion in their best interests. There are several remedies. One obvious remedy is that district and county attorneys hold elective offices; if their constituents are

---

2. See Commentary to § 3–3.9, ABA Standards, supra, for further discussion.

unsatisfied, they are free to express their feelings at the voting polls. Another remedy is § 9–1–603(c), W.S.1977 [3] which provides for the attorney general, at the request of the board of county commissioners, or the district judge, to investigate any matter which the district or county attorney fails or refuses to act upon. Relief was requested pursuant to this section by the appellee herein, but was not granted by the district judge.

Section 9–1–603 differs from § 7–6–110 in that it is not an abrogation of the executive function by the district court, but rather a check on the county attorney through a method of independent review of the matter by another agency in the executive department. The attorney general, placed in the role of prosecutor, then is constrained to act with proper regard given to the same considerations mentioned above. If he decides prosecution is not warranted, the decision rests with him, and the district court cannot compel prosecution, just as it cannot compel the county attorney to prosecute.

The same distinction is true of § 9–1–805, W.S.1977,[4] which permits the court to direct or permit any member of the bar to act in the place of the district attorney when the district attorney is interested or refuses to act. This allows the court to name another prosecutor, who assumes the same duties and responsibilities as the county attorney. The critical point is that another prosecutor assumes these duties, and that is allowable; it is not allowable for the district court to assume these duties—the latter is not permissible under our constitutionally mandated separation of powers.

Inasmuch as § 7–6–110 is an unconstitutional violation of Art. 2, § 1, of the Wyoming Constitution, the order of the district court compelling prosecution pursuant to § 7–6–110 is reversed.

---

3. Section 9–1–603(c) provides:

"(c) Upon the failure or refusal of any district or county attorney to act in any criminal or civil case or matter in which the county, state or any agency thereof is a party, or has an interest, the attorney general may, at the request of the board of county commissioners of the county involved or of the district judge of the judicial district involved, act on behalf of the county, state or any agency thereof, if after a thorough investigation the action is deemed advisable by the attorney general. The cost of investigation and the cost of any prosecution arising therefrom shall be paid out of the general fund of the county where the investigation and prosecution take place.

The attorney general shall also, upon direction of the governor, investigate any matter in any county of the state in which the county, state or any agency thereof may be interested. After investigation, the attorney general shall submit a report of the investigation to the governor and to the district or county attorney of each county involved and may take such other action as he deems appropriate."

4. Section 9–1–805 provides:

"When the district attorney is interested or refuses to act in a prosecution, the court may direct or permit any member of the bar to act in the district attorney's place."