UNITED STATES of America,
Plaintiff-Appellee,

v.

Ernesto FERNANDEZ,
Defendant-Appellant.

No. 85–5031.

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1986.

Sheryl Lowenthal, Coral Gables, Fla., for defendant-appellant.

Ronald Shur, David O. Leiwant, Leon B. Kellner, Linda Collins Hertz, Asst. U.S. Attys., John A. Jarvey, Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK\*, Senior Circuit Judge.

PER CURIAM:

Ernesto Fernandez challenges the validity of his narcotics convictions. He contends that the district court committed reversible error when it failed to exclude certain testimony as a sanction for the prosecutor's failure to comply with a dis-

---

\* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designa-

tion.

covery order.[1] For the following reasons, we remand the case to the district court for a full development of the facts and reconsideration.

## I.

On September 25, 1985, Ernesto Fernandez was indicted, in four counts, for knowingly and intentionally possessing cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1981), for knowingly and intentionally importing cocaine into the United States, from a place outside thereof, in violation of 21 U.S.C. § 952(a) (1981), and for conspiracy to commit these offenses, in violation of 21 U.S.C. §§ 846 and 963 (1981) respectively. Fernandez was promptly arraigned and pled not guilty to these charges. On October 12, 1984, he filed a motion for a bill of particulars requesting, among other things, the names of "all co-conspirators, either named or unnamed, known to the Government."[2] The magistrate denied the motion "except as to the names of the unindicted co-conspirators known to the Government." Trial was set for November 15, 1984.

Fernandez, however, filed a motion for continuance, complaining that the prosecutor failed to provide him with the names of any unindicted co-conspirators. The district court denied the motion.

■ At 10:30 p.m. on November 14, 1984, the day before Fernandez' trial began, the prosecutor telephoned defense counsel to inform him that a Colombian known only as "Marcos" was considered an unindicted co-conspirator. The following day, during the lunch recess, the prosecutor named "Merquiades" as another unindicted co-conspirator.[3] Because the record reflected that the government knew of Marcos and Merquiades from the outset of its investigation, Fernandez moved to exclude any testimony referring to these unindicted co-conspirators as a sanction for failing to comply with the magistrate's discovery order.[4] The district court denied the motion, noting that even if Fernandez had the names "500 years ago [he] could not find them in Columbia."[5]

---

**1.** Fernandez claims that the admission of this testimony deprived him of his "constitutional rights to due process, a fair trial, the effective assistance of counsel and the effective cross-examination of witnesses."

**2.** The prosecutor opposed the motion, arguing that "the motion first assumes that co-conspirators exist without supporting the basis for such an assumption. Moreover, even if the alleged co-conspirator existed, the disclosure of the identity of a potential government witness should not be required."

**3.** At oral argument, counsel for the government admitted that "the government does not contend and is not here to contend that its compliance with the court's order was timely; it was not and the government fully recognizes this at this time."

**4.** The government opposed the imposition of any sanctions. The government claimed that its compliance with the magistrate's order was untimely because earlier disclosure would have compromised its investigation. "We have been actively, even up to this moment, pursuing the investigation of these two other individuals." The government's justification, however, does not permit it to disobey a discovery order. If the government was unhappy with the magis-

trate's ruling and felt that it should not be required to comply with the order, it could have, and should have, appealed the order to the district court. S.D.Fla. Magistrate R. 4(a) provides:

> Any party may appeal from a Magistrate's order determining a [non-dispositive] motion or matter ... within 4 days after the Magistrate's order has been filed with the Clerk, unless a different time is prescribed by the Magistrate or District Judge. Such party shall file with the Clerk of Court, and serve on all parties, a written petition for hearing which shall specifically set forth the order, or part thereof, appealed from, a concise statement of the alleged error in the Magistrate's ruling, and statutory, rule, or case authority in support of the moving party's position. The District Judge shall consider the appeal and shall set aside any portion of the Magistrate's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate under this rule.

Since the government did not seek review or otherwise contest the magistrate's order, it was required to provide Fernandez with the names of any known, unindicted co-conspirators.

**5.** The district court's remark is unfortunate and, in light of subsequent events, incorrect. Government witnesses testified that Fernandez

The jury subsequently found Fernandez guilty on all counts. Thus, on December 20, 1984, the district court sentenced Fernandez to a term of imprisonment of seven years and a five year special parole term. This appeal promptly followed.

## II.

■ When a party in a criminal case fails to comply with a discovery order, the district court "may order such party to permit the discovery or inspection, grant a continuance or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed.R.Crim.P. 16(d)(2). A district court's decision concerning the imposition of a Rule 16(d)(2) sanction for the violation of a discovery order is a matter committed to the court's sound discretion. *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir.1979).[6] Absent an abuse of discretion, the court's decision will not be disturbed on appeal. *United States v. Burkhalter*, 735 F.2d 1327, 1329 (11th Cir.1984). In exercising its discretion, however, the district court must consider several factors, and, if it decides a sanction is in order, "should impose the least severe sanction that will accomplish the desired result—prompt and full compliance with the court's discovery orders." *United States v. Sarcinelli*, 667

F.2d 5, 7 (5th Cir. Unit B 1982).[7] Among the factors the court must consider

> are the reasons for the Government's delay in affording the required discovery, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess.

*United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir.1985) (citations omitted). Finally, the district court should determine and consider whether the prosecutor acted in bad faith in violating the magistrate's discovery order. *See United States v. Soto*, 711 F.2d 1558, 1563 n. 10 (11th Cir.1983).

Because of the failure of the government to fully advise the district court of its reasons for not complying with the magistrate's order, the judge reacted in a very understandable fashion in stating that even if Fernandez had the names he could not have found them in Colombia. As subsequent events now reveal, however, the government was actively investigating and pursuing both Marcos and Merquiades and, in fact, arrested Merquiades in the United States approximately one week after the trial of Fernandez was completed. It also appears now that there is a familial relationship between Fernandez and Marcos. Indeed, a full exploration of the facts may

---

was once introduced as Marcos' cousin and Fernandez, in his brief, refers to Marcos as "a family friend." Although the government is still unaware of Marcos' true identity, it is possible that Fernandez could have located Marcos and that Marcos could have aided Fernandez with his defense.

Merquiades might also have been found. Now known to be Melquiades Maria Hernandez-Montono, Merquiades was, after the completion of Fernandez' trial, indicted, tried, convicted and sentenced to a term of imprisonment by the United States District Court for the Southern District of Florida. Moreover, even before Merquiades' recent presence in the United States, he could have been located in Colombia. Government witnesses testified at Fernandez' trial that Merquiades was an employee of D.H.L. Express Courier Service in Barranquilla, Colombia. Fernandez now contends that an investigator would have located Merquiades in

Colombia and obtained "exculpatory" information.

To bolster his contention, Fernandez filed a motion to supplement the record with Melquiades Maria Hernandez-Montono's testimony given during Hernandez-Montono's trial. Fernandez argues that this testimony tends to exculpate him. The government does not agree but conceded, at oral argument, that the testimony would have been "helpful."

**6.** The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**7.** Unit B decisions of the former Fifth Circuit rendered after September 30, 1981, are binding precedent in this circuit. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

demonstrate that either the government or Fernandez could have easily located these individuals. But the government wanted nothing done to alert these same individuals concerning its ongoing investigation. Such a concern may have been fully justified but it was absolutely mandated that the government advise the district court, possibly *in camera* or *ex parte*, and seek relief from the discovery order.

■ In the interest of fairness and because of the developments subsequent to the district court's decision not to impose sanctions, we remand this case to the district court to develop a factual record and weigh the necessary factors outlined above to determine what relief, if any, Fernandez is entitled to.

It is clear that the prosecutor violated the magistrate's discovery order. This violation requires that the district court weigh and consider the factors cited above and take into account the unique circumstances of this case in fashioning the least severe, yet effective, sanction. *See Euceda-Hernandez,* 768 F.2d at 1312 (even "[t]he presence of a clear violation of a discovery order does not excuse a trial judge from weighing the factors.")

Accordingly, this case is remanded to the district court for further proceedings not inconsistent with this opinion.[8]

REMANDED.

---

**8.** In light of our decision remanding the case to the district court for further consideration, Fernandez' motion to supplement the record with Merquiades Maria Hernandez-Montono's trial testimony is denied. This material, in our opinion, should first be presented to the district court for review.