Robert LAWSON, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–324.

Supreme Court of Wyoming.

Jan. 12, 2000.

Rehearing Denied Feb. 8, 2000.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; T. Alan Elrod, Assistant Appellate Counsel. Argument by Mr. Elrod.

Representing Appellee: Gay Woodhouse, State Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jay Jerde, Assistant Attorney General. Argument by Mr. Jerde.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

In this appeal, we consider the constitutionality of a discovery sanction excluding defense witness testimony for violating the time requirements of Wyoming Rule of Criminal Procedure 12.1(a). After defense

counsel failed to timely file notice of alibi under the rule, the district court excluded defense witness testimony. A jury convicted Appellant Bob Lawson for aggravated robbery and conspiracy to commit aggravated robbery, and he appeals, contending that the district court's ruling violated his Sixth Amendment rights.

We conclude that the district court's failure to exercise its discretion in accordance with *Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), was error; however, the error is harmless, and we affirm the judgment and sentence.

## ISSUES

Lawson presents this single issue for our review:

Did the district court deprive Appellant of his due process right to a fair trial, deprive him of his right to compulsory process, and abuse its discretion by excluding the testimony of Appellant's alibi witness as a sanction for an alleged tardy filing of his notice of alibi that Appellant was innocent?

The State restates the issue as:

Whether the trial court abused its discretion when it excluded the potential alibi testimony of a defense witness as a sanction for Appellant's failure to provide the state of Wyoming with a written notice of alibi within the ten (10) day response period prescribed in W.R.Cr.P. 12.1.

## FACTS

Around 2:20 a.m. on November 26, 1997, two masked men armed with a shotgun and a knife entered the Mini–Mart store in Casper, Wyoming, and robbed it of $55.00. An eyewitness saw Lawson and another man about a block away walking toward the store less than twenty minutes before the robbery occurred. Before the robbery, Lawson was in the store on numerous occasions and had many conversations with the store employee who was robbed. That employee recognized Lawson as one of the robbers by his physical build and manner. After waiving his rights, Lawson was interviewed by police on December 7, 1997, and, after learning that the robbery had been recorded on videotape,

made inculpatory statements admitting his involvement in the robbery. He was charged with aggravated robbery and conspiracy to commit aggravated robbery. At a second interview on December 19, 1997, Lawson again confessed to committing the robbery. His attorney, Mr. Dethlefsen, filed a written entry of appearance as counsel on December 23, 1997. On April 23, 1998, defense counsel and another attorney, Ms. Miller, both appeared as counsel for Lawson at a change of plea hearing and, at that hearing, informed the trial court that Ms. Miller would be taking over the defense.

On April 27, 1998, Ms. Miller filed a written entry of appearance and served it on the State. Mr. Dethlefsen did not file a motion to withdraw as counsel for Lawson until June 5, 1998. On May 15, 1998, the State served a written demand for notice of alibi upon Mr. Dethlefsen. The State did not serve a copy of the demand upon Ms. Miller. After a suppression hearing on June 4, 1998, the trial court ruled that Lawson made his inculpatory statements knowingly and voluntarily. On June 5, 1998, Ms. Miller served the State with a notice of alibi identifying Lorraine Maple as an alibi witness and describing her proposed testimony as:

Ms. Maple intends to testify that Mr. Lawson was at her home on the evening of November 26, 1997 that the robbery took place. Ms. Maple recalls that Mr. Lawson was at her house because she just had a newborn baby and was feeding the baby on two (2) hour intervals. She recalls Mr. Lawson falling asleep on her couch where he remained the entire evening. Ms. Maple says that her doors are squeaky, so there was no possibility that Bob Lawson could have left her premises without her knowledge.

The trial court granted Mr. Dethlefsen's motion to withdraw as counsel for Lawson on June 5, 1998.

As a preliminary matter before trial began on June 8, 1998, the court considered the State's recently filed motion to exclude Ms. Maple's potential alibi testimony because Ms. Miller had not served the written notice of alibi within the ten day period following the

State's demand for it as required in W.R.Cr.P. 12.1(a).

Ms. Miller explained that the notice of alibi was filed late because she never received a copy of the State's demand for alibi and because she did not learn of the potential witness until June 4, 1998. After her investigator spoke with the witness, she notified the State to give it the opportunity to investigate. Defense counsel concluded her explanation by stating that "in actuality, [Ms. Maple] may not be a witness. I also received a telephone call that she is going to check the dates more thoroughly to ascertain if, in fact, [Lawson] was at her house on that evening." The trial court replied:

> Under the rule, she was listed outside of the time that's allowed for giving notice of an alibi as a witness. I think I would have to apply that rule and grant the motion to strike her as a witness.

The trial court summarily granted the State's motion to exclude Ms. Maple's potential alibi testimony without giving further reasons for its ruling and without consideration of any factors in applying the exclusion sanction. Ms. Maple testified about other matters at the trial but did not provide alibi testimony. Lawson appeals.

## DISCUSSION

### Standard of Review

Lawson contends that his constitutional right to present a defense was violated by the district court's order to exclude the alibi testimony. The State concedes that the district court's decision impinges on a constitutional right but claims that its summary ruling was not an abuse of discretion. We have not previously considered the standard of review for a discovery sanction that excludes alibi testimony of a defense witness.

■■■ The Compulsory Process Clause of the Sixth Amendment guarantees every defendant "the right ... to have compulsory process for obtaining witnesses in his favor...." U.S. Const. amend. VI. The right to offer testimony is grounded in the Sixth Amendment Compulsory Process Clause and can be violated by imposition of a discovery sanction that excludes defense witness testimony. *Taylor v. Illinois*, 484 U.S. 400, 409, 108 S.Ct. 646, 653, 98 L.Ed.2d 798 (1988). Although fundamental, the Sixth Amendment right to present a defense is not absolute if outweighed by countervailing public interests. *Id.* at 414, 108 S.Ct. at 656. The factors to be weighed in the balance include, but are not limited to those relevant to the "integrity of the adversary process, which depends both on the presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process." *Id.* at 414–15, 108 S.Ct. at 656. *Taylor* held that for discovery violations "designed to conceal a plan to present fabricated testimony," or that were "willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence," exclusion is "entirely consistent" with the purposes of the Compulsory Process Clause. *Id.* at 414–15, 108 S.Ct. at 655–56.

■■■ Under Wyoming Rules of Criminal Procedure, the defense must provide notice of an alibi witness within ten days after demand by the State or an exclusion sanction may apply. W.R.Cr.P. 12.1(a), (d). The rule permits an exception to the exclusion requirement for good cause. W.R.Cr.P. 12.1(e). *Taylor* prohibits the automatic exclusion of alibi evidence for failure to comply with the time requirements of the rule. *Taylor*, 484 U.S. at 413–14, 108 S.Ct. at 655–56; *see State v. Harris*, 132 Idaho 843, 979 P.2d 1201, 1205 (1999); *United States v. Russell*, 109 F.3d 1503, 1509, 1511 (10th Cir.1997), *cert. denied*, 521 U.S. 1126, 117 S.Ct. 2525, 138 L.Ed.2d 1026 (1997); *McCarty v. State*, 107 N.M. 651, 763 P.2d 360, 363 (1988). The language of both the rule and *Taylor* grant the district court discretion to weigh all relevant factors before imposing an exclusion sanction for a discovery violation. Accordingly, the applicable standard of review is whether the district court abused its discretion in deciding that the appropriate sanction for a discovery violation was to exclude alibi testimony of a defense witness. In determining whether there has been an abuse of

discretion, "the ultimate issue is whether or not the court could reasonably conclude as it did." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998).

> [D]ecisions of the trial court with respect to the admissibility of evidence are entitled to considerable deference and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be reversed on appeal. It is also well established that a district court judgment may be affirmed on any proper legal grounds supported by the record. However, where the law imposes a duty on the district court to make findings on the record, we will not speculate as to the reasons for the decision.

*English v. State*, 982 P.2d 139, 143 (Wyo. 1999) (citations omitted).

*Error to Fail to Exercise Discretion*

 Although language in Rule 12.1(d) permits a good cause exception to an exclusion sanction and *Taylor* requires exclusion only after consideration of relevant factors, the district court did not consider any factor other than the defense's failure to comply with the rule's time requirements. The failure to consider those factors articulated in *Taylor* is an abuse of discretion, and the trial court erred in its exclusion of the alibi testimony as a discovery sanction.

*Harmless Error*

An error of constitutional proportion is subject to a harmless error analysis. *Seeley v. State*, 959 P.2d 170, 178 (Wyo.1998). "Before a federal constitutional error can be held harmless, the court must be able to declare its belief that the error was harmless beyond a reasonable doubt." *Id.*

On two separate occasions, Lawson made inculpatory statements to the police indicating that he had been present during the robbery. Before each interview Lawson was read his Miranda rights and signed a waiver of his rights. He was arrested after the first interview and incarcerated from December 7 until December 19, the date of the second interview. At that interview, Lawson again admitted his involvement and supplied the name of the other man involved in the rob-

bery. Against inculpatory statements admitting his involvement, defense counsel was notified of possible alibi testimony by a witness who was unsure of her dates. No further offer of proof was made by the defense. When we consider Lawson's admissions against the excluded "possible" alibi testimony, we find that the error in excluding her testimony was harmless beyond a reasonable doubt.

We affirm the judgment and sentence.