UNITED STATES of America,
Plaintiff–Appellant,

v.

Tony Ray WICKER and Vickie Siler,
Defendants–Appellees.

Nos. 87–2526, 87–2527.

United States Court of Appeals,
Tenth Circuit.

June 6, 1988.

David N. Williams, Asst. U.S. Atty. for the District of New Mexico (William L. Lutz, U.S. Atty. for the District of New Mexico, with him on the brief), for plaintiff-appellant.

Peter Schoenburg, Federal Public Defender Office, Albuquerque, N.M., for defendant-appellee Wicker.

James Rawley of James Rawley and Associate (Joy Christenberry of James Rawley and Associate, with him on the brief), Albuquerque, N.M., for defendant-appellee Siler.

Before McKAY and BRORBY, Circuit Judges, and BOHANON, District Judge *.

McKAY, Circuit Judge.

The issue presented in this case is whether the district court abused its discretion in

---

* Honorable Luther L. Bohanon, United States Senior District Judge for the District of Oklahoma, sitting by designation.

suppressing the testimony and laboratory report of a government expert as a sanction for the government's failure to comply with a discovery order.

## I.

On August 5, 1987, Tony Ray Wicker and Vickie Siler were charged in a four-count superseding indictment with violating 21 U.S.C. § 856 (Supp. IV 1986); 21 U.S.C. §§ 841(a)(1) (1982); 21 U.S.C. § 841(b)(1)(C) (Supp. II 1982), and 18 U.S.C. § 2 (1982) by (1) renting a room for the purpose of unlawfully manufacturing, storing, distributing, and using methamphetamine; (2) manufacturing methamphetamine; (3) possessing a controlled substance with intent to manufacture phenylacetone; and (4) possessing methamphetamine with intent to distribute.

On August 21, 1987, the district court granted defendants' request, made under Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure, that the government be required to produce a laboratory and scientific report reflecting the results of tests performed on materials confiscated from the defendants' room. The district court ordered the government to produce the report by September 18, 1987, so the defendants would have sufficient time to review the report and prepare for trial.[1] The government did not produce the report before the deadline. Instead, it was not until October 2, 1987, that Mr. Wicker's counsel received the report and not until October 5, 1987, that Ms. Siler's counsel received the report.

On October 6, 1987, Mr. Wicker filed a motion in limine to prevent the government from introducing into evidence the report or the testimony of the expert who prepared the report. Mr. Wicker claimed that the government's delayed production did not give Mr. Wicker's counsel sufficient time to analyze and rebut either the report or testimony before the trial date. On October 7, 1987, Ms. Siler filed a similar motion to exclude the government's evi-

dence. The district court conducted a hearing by telephone on October 7, 1987, to determine whether the requested sanctions were justified. At the conclusion of this conference, the district court found the sanctions to be warranted and granted defendants' motions. The government now brings an interlocutory appeal to contest the exclusion of the report and the testimonial evidence.

## II.

Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the district court broad discretion in imposing sanctions on a party who fails to comply with a discovery order:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.

Fed.R.Crim.P. 16(d)(2); *see also United States v. Evans & Associates Construction Co.*, 839 F.2d 656, 660 (10th Cir.1988) (the district court has discretion in selecting sanctions for failure to comply with discovery orders); *United States v. Fernandez*, 780 F.2d 1573, 1576 (11th Cir.1986) (a district court's imposition of sanctions pursuant to Rule 16(d)(2) will not be disturbed absent abuse of discretion). Despite this broad grant of power, the district court's exercise of discretion should be guided by several factors; and if a sanction is imposed, it should be the "least severe sanction that will accomplish ... prompt and full compliance with the court's discovery orders." *Fernandez*, 780 F.2d at

---

1. Trial was originally set for August 31, 1987; however, a continuance was granted and trial was rescheduled to begin on October 8, 1987.

Apparently, on October 6 or 7 the trial date was changed by the district court to October 13. Record, vol. 5, at 410.

1576 (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982)).

When the government fails to comply with a discovery order, the factors the district court should consider in determining if a sanction is appropriate are (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance. *United States v. Euceda–Hernandez*, 768 F.2d 1307, 1312 (11th Cir.1985); *Fernandez*, 780 F.2d at 1576.

We note that these three factors should merely guide the district court in its consideration of sanctions; they are not intended to dictate the bounds of the court's discretion. "[A] comprehensive set of standards to guide the exercise of discretion in every possible case" is "neither necessary nor appropriate." *Taylor v. Illinois*, —— U.S. ——, 108 S.Ct. 646, 655, 98 L.Ed.2d 798 (1988). On occasion the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced. *See United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir.1979) (there is no abuse of discretion when "a district judge for prophylactic purposes suppresses evidence ... the government should have disclosed earlier"); *see also United States v. Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986) (district court has "inherent power to control and supervise its own proceedings").

Review of the record reveals that the district court considered each of the *Euceda–Hernandez* factors in exercising its discretion to exclude the government's evidence. First, the court examined the reasons for the delayed production of evidence. The government never denied that it did not produce the report by September 18, 1987. Rather, the government attempted to explain the delay by claiming that the expert who prepared the report was negligent in failing to send copies of the report to the government as requested. The report was completed on August 28, 1987, and the government asked the expert to send copies of the report to the government once the report was typed. Record, vol. 1, doc. 68, at 1. Apparently, the expert forgot to forward the copies to the government until he was reminded by the government in early October.

Even if the expert were negligent as the government alleges, a single request for the report does not relieve the government of its discovery obligation. Had the government made the least effort to follow up on its request and not neglected its duty under Rule 16(a)(1)(D), a copy would have been delivered to the defendants pursuant to the court's order. Although the district court did not consider whether the government acted in bad faith in not complying with the discovery order, the district court was clearly justified in concluding that the government's reason was not sufficient to justify the delay.

The district court next considered whether the defendants were prejudiced by the late production. The court found that the government may have orally communicated some cursory results of the test to the defendants prior to September 18, 1987. However, the district court was not convinced that this communication satisfied the requirement to produce the laboratory report or that the communication provided all the necessary information the defendants were entitled to for their trial preparation. Nor was the district court convinced that the government's communication was a sufficient basis upon which the defendants could retain an expert to help rebut the government's report. Thus, the district court concluded that the defendants were prejudiced by the government's noncompliance.

The district court lastly considered whether it could remedy the prejudice by granting a continuance to allow defendants time to review and rebut the report. The district court observed that the jury had already been selected and that trial was ready to begin. Moreover, the district court noted that scheduling constraints imposed by other cases on its docket would not allow a continuance without prejudicing the parties in other criminal matters. The

district court was also cognizant that it had already taken affirmative steps in this case to guarantee prompt and complete discovery, but to no avail. On August 21, 1987, for example, the district court granted a continuance, reset the trial for October 8, 1987, and imposed various discovery deadlines. All of these actions were designed to help move discovery along so the parties and issues would be ready for trial. Despite these efforts, the parties were not ready for trial on October 7, 1987, because the government had failed to meet the court-ordered deadlines.

A continuance may normally be the most desirable remedy for the government's failure to comply with a discovery order. Here, however, in view of the district court's pressing schedule, the status of the present case, and the failure of a prior continuance and deadlines to ensure timely discovery; the court concluded that a second continuance would not compensate for the prejudice imposed upon the defendants. In light of the district court's consideration of the relevant factors and our review of the record, we cannot say that the district court abused its discretion in suppressing the government's evidence.

The judgment of the district court is AFFIRMED.