McKAY, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in most of the majority’s opinion, I cannot agree with its determination that the district court’s sanction which precluded the government’s witness’ testimony and statement was an abuse of discretion. The majority “agree[s] with the [district] court that the government’s conduct was the product of flagrant bad faith and that the defendants’ ability to prepare for trial was prejudiced by the government’s obstruction of access to the subject witness.” Ante, at 1292. The majority states, however, that it does “not share the [district] court’s view that the prejudice to defendants was irreparable” because it is “not convinced that the witness’ testimony is forever ‘tainted’ by the government’s discovery violations.” Id. The majority concludes that the district court abused its discretion in two manners: (1) in concluding that the government misconduct could not be cured by a continuance, and (2) in imposing the most severe sanction available. See id. I respectfully dissent from this conclusion because I believe that the majority has disregarded controlling Supreme Court precedent, has misinterpreted Tenth Circuit law which frames the analysis for the imposition of sanctions, and has taken the “discretion” out of the abuse of discretion standard.
The district court is invested “with broad discretion in coping with discovery order violations.” United States v. Russell, 109 F.3d 1503, 1510 (10th Cir.), cert. denied, - U.S. -, 117 S.Ct. 2525, 138 L.Ed.2d 1026 (1997); see also United States v. Wicker, 848 F.2d 1059, 1060 (10th Cir.1988). As noted by the majority, although Federal Rule of Criminal Procedure 16 does not govern this case, it provides guidance in analogous circumstances. Rule 16 provides that if a party fails to comply with a discovery order, “the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.” Fed.R.Crim.P. 16(d)(2). In Wicker, we approved of the district court’s reliance upon three factors to evaluate sanctions imposed on the government for its discovery violations. Those factors are (1) the reasons for the delay, “including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government’s delay; and (3) the feasibility of curing the prejudice with a continuance.” Wicker, 848 F.2d at 1061. In this case, the majority concedes that the court “effectively considered the three factors,” ante, at 1292, but concludes that the district court abused its discretion as to factors two and three. In making this determination, the majority not only ignores the Supreme Court’s decision in Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), in which the Court framed the analysis for a sanction excluding a witness’ testimony, but it also misinterprets the test in Wicker.
Taylor involved the exclusion of an alibi witness of whom the defense had known but had failed to disclose in response to the government’s pretrial discovery request. The defendant challenged the trial court’s exclusion of the witness as a sanction for the discovery violation, alleging that it violated his right to present witnesses under the Compulsory Process Clause of the Sixth Amendment. In determining whether a preclusion sanction is appropriate, the Court mandated that a trial court exercise its discretion by balancing a defendant’s fundamental right “to offer the testimony of witnesses in his favor” against countervailing public interests. Id. at 414, 108 S.Ct. 646. These interests include “[t]he integrity of the adversary process, which depends both on the *1294 presentation of reliable evidence and the rejection of unreliable evidence, the interest in the fail' and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process.” Id. at 414-15, 108 S.Ct. 646. The trial court may also consider the willfulness of the violation, the simplicity of compliance with the discovery obligation, and whether some unfair tactical advantage has been sought. See id. at 415-17, 108 S.Ct. 646. In light of these factors, the Court upheld the exclusion of the defendant’s witness. The Court emphasized that the defendant had acted willfully and in bad faith in not disclosing the witness until the second day of trial after the prosecution’s primary witness had testified. See id. at 416-17, 108 S.Ct. 646. Therefore, the Court stated, “Regardless of whether prejudice to the prosecution could have been avoided [by a less severe sanction] ..., it [was] plain that the case fit[] into the category of willful misconduct in which the severest sanction [was] appropriate.” Id. at 417, 108 S.Ct. 646.
In this case, the district court determined that the nature of the government’s misconduct, i.e., its repeated bad faith and its inexcusable, intentional violations of discovery orders, required the severest sanction. The question before this court is not whether this sanction was the remedy we would have chosen, or even whether we think the remedy is unduly harsh. Despite the majority’s statement to the contrary, the district court was not required to impose a less severe sanction even if it determined that a sanction such as a continuance could minimize the prejudice to Defendant. Although a milder sanction may diminish the prejudice caused by the discovery violation, where bad faith is the reason for the violation, see id. at 417, 108 S.Ct. 646, a lesser alternative would be less effective and “would perpetuate rather than limit ... the harm to the adversary process.” Id. at 413, 108 S.Ct. 646. It is the court’s role to manage the adversary process and, when it finds in its broad discretion that it is necessary, to punish blatant and intentional violations of the structures inherent in that process. Here, as in Taylor, the discovery violations were inexcusably deliberate, in bad faith, and sufficiently serious to warrant the severe sanction of witness preclusion. Guided by the standard governing civil eases, duly noted by the Supreme Court in Taylor, the district court limited the preclusion sanction in this case to flagrant misconduct, “where the uncooperative party demonstrate^] a ‘deliberate contumacious or unwarranted disregard of the court’s authority.’” Id. at 417 n. 23, 108 S.Ct. 646 (citations omitted). Because the district court sanctioned the government primarily for its intentional and misleading discovery violations, I do not see how the majority can ignore the principles set forth in Taylor to find an abuse of discretion. The district court was within its discretion to determine that the government’s misconduct fit “into the category of willful misconduct in which the severest sanction [was] appropriate.” Id. at 417, 108 S.Ct. 646. There can be no abuse of discretion in this instance.
Further, the court’s analysis of the Wicker factors misconstrues the limits of those factors. There is no evidence that the district court failed to consider the important factors set forth by Wicker. As noted above, the majority concedes that the court “effectively considered the three factors.” Ante, at-. Nor does the majority dispute that the government’s discovery violations were knowing, intentional, and a product of willful bad faith, which satisfied the first Wicker factor.[1] Nevertheless, the majority rejects the district court’s conclusion under Wicker that the government’s misconduct could not be cured by a continuance. Notably, the majority does not explain why it rejects the court’s view that the prejudice from this egregious misconduct was so irreparable that it demanded the exclusion of the witness. More importantly, neither Taylor nor Wicker requires that the harm or prejudice to the defendant be irreparable. In fact, Taylor and numerous circuit courts including this one have informed us that if bad faith is the reason for the violation, as it indisputably was in this case, prejudice to the other party need not *1295 exist at all. See Taylor, 484 U.S. at 413, 417, 108 S.Ct. 646 (emphasizing that the defendant’s willful bad faith alone would justify suppression even if the prosecution suffered no prejudice or if a lesser sanction would minimize any prejudice); Russell, 109 F.3d at 1512 (stating that “if bad faith were involved, exclusion would have been proper regardless of prejudice or the feasibility of a continuance”); United States v. de la Cruz-Paulino, 61 F.3d 986, 995 (1st Cir.1995) (“Where governmental noncompliance is the result of bad faith, exclusion of the undesig-nated evidence may be appropriate.”); cf. Eckert v. Tansy, 936 F.2d 444, 446 (9th Cir.1991) (determining that bad faith of defendant and ease of compliance with alibi statute supported exclusion of proffered witness); United States v. Cueto, 628 F.2d 1273, 1276 (10th Cir.1980) (stating that suppression of evidence was not justified without evidence of government’s willful withholding of exculpatory material).
Thus, contrary to the majority’s analysis, the three Wicker factors are not dispositive. This court emphasized in Russell what we stated in Wicker: The Wicker factors “do not dictate the bounds of the court’s discretion.” See Russell, 109 F.3d at 1511. We specifically explained in Russell that, although the Wicker factors always should be considered, “Wicker itself states explicitly that its factors are neither exhaustive nor dispositive.” Id. at 1511 n. 6 (interpreting Taylor as allowing courts to weigh Wicker factors and consider one factor more compelling than another). In short, the Wicker factors are merely guidance for the court in its consideration of sanctions. See Wicker, 848 F.2d at 1061. The majority’s second-guessing of the court’s finding of prejudice is inapposite. The district court’s decision to impose a preclusion sanction, based on its determination that the government’s discovery violations knowingly caused delay and were intentionally misleading, was not an abuse of discretion under Supreme Court and Tenth Circuit precedent.
I also dissent because I believe that the court’s analysis of the sanction question defeats the meaning of our abuse of discretion standard of review and creates a double standard. Courts have often determined that a court’s preclusion sanction is not an abuse of discretion where the offending party is the defendant. See, e.g., Russell, 109 F.3d at 1511-13; Eckert, 936 F.2d at 446; Chappee v. Vose, 843 F.2d 25, 31-32 (1st Cir.1988). When a court determines that a sanction is justified by bad faith discovery violations, the structural analysis should not change according to whether the party is the criminal defendant, the prosecution, a civil plaintiff, or a civil defendant. The analytical difference between these situations occurs when a criminal defendant’s constitutional rights are implicated by the suppression of his witness. In that instance, the question is whether preclusion is so harsh a sanction as to offend the Constitution. See Taylor, 484 U.S. at 409, 108 S.Ct. 646. Because the abuse of discretion standard is much less demanding than the constitutional one, the district court’s discretionary determination in this case is even more compelling than the Supreme Court’s decision in Taylor. While Taylor implicated overriding Sixth Amendment concerns, this case affects only the government’s ability to present one witness in its prosecution of Defendants. The majority’s analysis not only fails to give the district court’s decision the deference it deserves but also it applies a seemingly more lenient standard to misconduct by government attorneys than to misconduct by criminal defense counsel.
Finally, to ascertain whether the preclusion sanction violated the defendant’s constitutional rights in Taylor, the Supreme Court also examined whether “the client should be held responsible for his lawyer’s misconduct.” Id. at 417, 108 S.Ct. 646. The Supreme Court held that, putting aside “the exceptional cases in which counsel is ineffective, the client must accept the consequences” of the lawyer’s management of the trial. Id. at 418, 108 S.Ct. 646. The Court’s determination in Taylor reflects the implicit balancing of the interests of the client against the integrity of the adversary process. This analysis is contrary to the majority’s underlying view, which positions the people against the defendant by determining that the preclusion sanction is too harsh. Just as criminal defendants must accept the consequences of their lawyers’ trial management decisions, so must the government accept the consequences of and take responsibility for the *1296 conduct of its lawyers. Rewarding the government with lenient sanctions for its willful misconduct effectively punishes the defendant and, in my view, is inequitable. For these reasons, I respectfully dissent and would not remand the case for consideration of less severe sanctions.

. As in Taylor, the government in this case could easily have complied with the discovery orders. Also, I note that, if the court's May 28, 1996 discovery order was inappropriate, the proper response by the government would have been to appeal that order, not to willfully and intentionally violate it. The government, however, did not object to that order.