**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUDO THOMPSON,

Defendant-Appellant.

No. 00-1469
(D.C. No. 00-CR-60-D)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO,** and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Rudo Thompson was convicted after a jury trial of one count of possession

with intent to distribute more than five grams of cocaine base, one count of use

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and carrying of a firearm during and in relation to a drug trafficking offense, and one count of possession of a firearm by a convicted felon. He appeals both his convictions and sentence. We affirm in part and dismiss in part.

Mr. Thompson's counsel has determined that there are no discernable issues in the record, and, accordingly, has filed a motion to withdraw as counsel and an *Anders* brief outlining Mr. Thompson's arguments. *See Anders v. California*, 386 U.S. 738, 744 (1967). In the *Anders* brief, counsel has identified four potential issues: 1) whether the trial court erred in denying Mr. Thompson's motions to suppress his post-arrest statement and to suppress physical evidence; 2) whether the trial court erred in denying Mr. Thompson's motion for mistrial based on the failure of the government to timely disclose evidence; 3) whether the trial court erred in denying his motion for judgment of acquittal; and 4) whether the trial court erred in denying his motion for downward departure. In Mr. Thompson's pro se response to counsel's brief, he argues that counsel has failed to raise an ineffective assistance of trial counsel claim, and he requests appointment of new counsel.

After a thorough review of the record on appeal and counsel's brief, we concluded that there are no meritorious issues for appeal.

When reviewing the district court's ruling on a motion to suppress, we accept the court's factual findings unless clearly erroneous, and view the evidence

in the light most favorable to the district court's findings. *United States v. Elliott*, 107 F.3d 810, 813 (10th Cir.1997). The credibility of witnesses and the weight to be given evidence is the province of the district court. *Id*. Nevertheless, the ultimate determination of the reasonableness of a search under the Fourth Amendment is a question of law which we review de novo. *Id*.

After Mr. Thompson was in custody, he signed a waiver of his *Miranda* rights. He contends that the law enforcement officials continued to question him even though he requested that the interview stop or that he be allowed to consult with an attorney. A review of the testimony at the suppression hearing indicates that the district court did not err in determining the matter of credibility of the witnesses in the government's favor.

Mr. Thompson also challenges the admission of physical evidence which was found after he was chased by police. Again, our review of the record indicates that the trial court did not erroneously determine that the police officer had probable cause to stop and subsequently arrest Mr. Thompson. Thus the physical evidence that was found was properly admitted into evidence.

Nor did the trial court abuse its discretion in denying Mr. Thompson's motion for mistrial based on the failure of the government to fulfill its discovery obligations. *See United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999) ("District Courts have broad discretion in imposing sanctions on parties who

violate discovery orders, and we review a court's decision to impose sanctions and its choice of sanction for abuse of discretion."). When the government fails to comply with a discovery order, the factors which guide the district court include: "(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). Based upon our review of the record, we conclude that the district court did not abuse its discretion in choosing not to grant a mistrial. The late production of records was not the result of bad faith on the part of the government, nor was defense counsel hampered in defending her client. In fact, counsel admitted at trial that the records would not have altered the way she presented her case.

We also conclude that the district court did not err in denying the defendant's motion for judgment of acquittal. We review de novo a district court's decision to deny a motion for judgment of acquittal, and view the evidence in the light most favorable to the government, determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir.

1999) (quotation omitted), *cert. denied* , 528 U.S. 1080 (2000). The record contains sufficient evidence to support the convictions.

We do not have jurisdiction to review the claim that the district court erred in denying Mr. Thompson's motion for a downward departure based on an overrepresentation of his criminal history. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999) (it is well established that the courts of appeals lack jurisdiction to review the discretionary refusal of the district court to grant a downward departure).

The ineffective assistance of counsel claim which Mr. Thompson raises pro se is more appropriately brought in a 28 U.S.C. § 2255 motion. *See United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995).

Counsel's motion to withdraw is **GRANTED** . Mr. Thompson's request for appointment of counsel is **DENIED** . The portion of the appeal wherein the defendant complains of the denial of a downward departure is **DISMISSED** , and the judgment is **AFFIRMED** .

Entered for the Court

John C. Porfilio
Circuit Judge

-5-