ORDER AND JUDGMENT**
PAUL KELLY, JR., Circuit Judge.
The government appeals from the district court’s order granting Defendant-Appellee Maurice Ivory’s motion to exclude evidence as a sanction for a discovery violation. Mr. Ivory was indicted for possession with intent to distribute crack cocaine, possession of a firearm in a drug trafficking crime, and being a felon in possession of a firearm. The evidence excluded was DNA testing tending to show that Mr. Ivory had handled a firearm. Our jurisdiction arises under 18 U.S.C. § 3731, and we reverse. On remand the district court may consider a lesser sanction than exclusion of the DNA evidence.

Background

On January 8, 2004, after arraignment, a standard order of discovery was entered requiring the government to copy or let the defendant copy “[wjithin a reasonable time period after arraignment^]”
[a]ny results or reports of ... scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of *630 a defense or are intended for use by the government as evidence in chief at the trial.
Aplt.App. 17-18; see also Fed.R.Crim.P. 16(a)(1)(F). With a jury trial scheduled for July 6, 2004, defense counsel on June 2, 2004, sought to have an independent fingerprint analysis performed on a gun found in a vehicle used by Mr. Ivory. Although fingerprint and DNA testing by local law enforcement had occurred in October 2003, the government contends that the report never made it to its investigative file. Once the government obtained the report, it learned that the gun had been swabbed for DNA, a procedure not requested by the government.
The government then advised defense counsel that the DNA swab was being tested, and furnished the curriculum vitae of its DNA expert who was scheduled to be on leave during the July 6, 2004, jury trial. Upon learning the inculpatory results of the DNA test, the government advised defense counsel and proposed various alternatives to the expert’s appearance at the July 6 trial. Ultimately, defense counsel indicated that he would oppose a continuance or a deposition of the DNA expert. The government filed a motion so requesting, and defense counsel filed a motion to exclude the DNA evidence on the grounds that the government had failed to comply with the discovery order.
The district court granted defense counsel’s motion, applying the factors in United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir.1988); see also Fed.R.Civ.P. 16(d)(2)(C). The court found that the government had violated the discovery order by not exercising due diligence to obtain and produce the report in a timely fashion, but it had not acted in bad faith. According to the district court, Mr. Ivory was prejudiced because he did not receive the results of the DNA test implicating him until June 22, leaving too little time for defense counsel to procure an expert to meet the DNA evidence at trial. The court acknowledged that it could continue the trial to allow Mr. Ivory an adequate time to prepare consistent with the Speedy Trial Act. But the court held that such a continuance would prejudice Mr. Ivory because, should he be unable to rebut the DNA evidence after a continuance, he would have been better off with the July 6 trial date, as the government’s DNA expert was not available, or not available in person.
In excluding the DNA evidence, the court placed the most weight on a deterrence rationale—deterring the government’s future non-compliance with its discovery orders. The court noted that in some cases a sanction may be necessary even absent prejudice to the defendant. As support for this rationale, the court catalogued discovery problems in four unrelated criminal cases. The court noted that the government attorneys were overworked, but more attention needed to be paid to complying with discovery obligations earlier, rather than later, so as to avoid these disputes which often resulted in delay and continuances. Aplt.App. 167.

Discussion

We review the district court’s sanction for an abuse of discretion. Wicker, 848 F.2d at 1060. In Wicker, we explained:
When the government fails to comply with a discovery order, the factors the district court should consider in determining if a sanction is appropriate are (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a *631 result of the government’s delay; and (3) the feasibility of curing the prejudice with a continuance.[1]
Id. Though not delineating the bounds of the district court’s discretion, these factors are subject to the principle that any sanction should be the least severe to accomplish compliance with the court’s discovery orders. Id. at 1060. In the absence of prejudice, the court must also consider whether such a sanction is necessary to maintain the “integrity and schedule” of the court. Id. at 1061.
Judged against these principles, the district court abused its discretion. We do not fault the district court in finding that its discovery order had been violated, and that such violation, while not in bad faith, was a product of inattention. Nor do we fault the district court for finding that Mr. Ivory needed additional time to meet the government’s DNA evidence. The district court expressly found that it could have remedied the preparation problem with the grant of a continuance. ApltApp. 163. In such circumstances, a continuance, or a lesser sanction accompanied by a continuance, ought to occur. United States v. Golyansky, 291 F.3d 1245, 1249 (10th Cir. 2002); see also United States v. Gonzales, 164 F.3d 1285, 1293 (10th Cir.1999) (suggesting lesser sanctions such as censuring the government attorney). “It would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings.” Golyansky, 291 F.3d at 1249. This is not that rare case, particularly given that trial was not underway (nor had a jury been empaneled), and a relatively short continuance (one month according to defense counsel at oral argument) would solve the problem with respect to Mr. Ivory without impairing his speedy trial rights.
We reject the district court’s finding that Mr. Ivory would have suffered prejudice because his trial date necessarily would have coincided with the absence of the government’s DNA expert. See Aplt. App. 163 (“So ironically here while the prejudice in that sense [inability to meet the DNA evidence] could be cured in terms of giving the defendant some time to prepare, it would actually in many ways work to the defendant’s disadvantage because it would play right into what the government really wants to have, which is more time—or, pardon me, an opportunity to have the witness available in person.”). First, such a finding is counter-factual. At the hearing, the government represented that its DNA expert was under subpoena and would be at trial if the court refused to continue the trial and would not allow for a deposition. ApltApp. 154. Second, even assuming that the witness would have been absent, such a claim of prejudice is inimical to the truth-seeking function of a trial. Cf. Gonzales, 164 F.3d at 1292 (noting that the discovery sanction must bear some relationship to the purposes the law is to serve including protection of the defendant and the public).
Even in the absence of bad faith and prejudice, our cases suggest that the district court theoretically could impose such a sanction. United States v. Russell, 109 F.3d 1503, 1511 (10th Cir.1997); Wicker, 848 F.2d at 1061; but see Gonzales, 164 F.3d at 1292 (noting that the Supreme Court has never approved exclusion of evidence as a sanction absent a constitutional *632 or statutory violation); United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999) (same). We see two errors here. First, the court’s reliance upon four other cases involving the government’s discovery conduct without prior notice to the government was error. The government had no way of knowing that the district court would consider these cases. Mr. Ivory certainly did not argue them in his motion. Aplt.App. 116-122. Thus, the government lacked any opportunity to discuss or distinguish them. That has led to the government’s improper (but understandable) attempt to supplement the record below and in this court and Mr. Ivory’s (also understandable and legally justified) opposition. See Fed. R.App. P. 10(e)(1) (permitting the district court to conform record to what occurred in district court); United States v. Kennedy, 225 F.3d 1187, 1191 (10th Cir.2000) (court of appeals does not consider material not before the district court).
Second, we question whether this case is the proper vehicle for finding heretofore unannounced discovery violations by the government in those other cases. The cases do not appear to be related except in the most general terms—three of four involve different government counsel. Cf. Taylor v. Illinois, 484 U.S. 400, 416 n. 22, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (unrelated discovery violations in other cases by defense counsel normally could not preclude defendant’s right to present a complete defense). In light of our resolution, we need not pass on whether the discovery sanction of exclusion of evidence in one case may ever be based upon discovery violations in another. On remand, the district court may consider a lesser sanction.
The dissent suggests that the district court’s suppression order should be affirmed based upon its evaluation of the three Wicker factors. As discussed above, we conclude that the district court’s evaluation of those factors was legally erroneous. Alternatively, the dissent contends that the order is supported by Taylor v. Illinois insofar as imposing a remedy of suppression and relying upon discovery violations in other cases. Taylor is readily distinguishable and must be read against its facts. That case involved a “willful and blatant” discovery violation (failure to timely disclose a defense witness) that appeared to be an attempt to gain tactical advantage and introduce fabricated testimony. Taylor, 484 U.S. at 416-417. These circumstances led the Court to conclude that “the case fits into the category of willful misconduct in which the severest sanction is appropriate.” Id. at 417. None of those circumstances are present here.
The Court in Taylor rejected reliance upon unrelated discovery violations to impose such a sanction, although it did leave the door open to discovery violations by the same attorney. Id. at 416 n. 21. The problem with the latter rationale in this case is that the judge expressly found that the reason for non-disclosure of fingerprint reports in the other case “was understandable” because a report had “mistakenly indicated that the fingerprint examination was negative.” ApltApp. at 165. The court predicted that had there been earlier disclosure, the government would have found the error “and might have been able to alleviate the necessity of a last minute fight.” Id. at 166. Regardless, this combined with what occurred in this case does not justify the drastic sanction of exclusion of evidence without consideration of lesser sanctions. As for discovery violations involving other attorneys in the U.S. Attorneys’ Office, we continue to believe that there must be a more developed record with notice and an opportunity to be heard before making that link. That said, we hope the government’s statement in its brief will cap the matter: “By his decision *633 in this case, [the trial judge] has sent the message loudly and clearly that the United States must be more consistently proactive in monitoring law enforcement’s investigation and reporting, and that message has been received and understood.” Aplt. Br. at 15.
REVERSED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. We have remarked that the third factor is "essentially irrelevant” when a defendant opposes a continuance. United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir.1996). Ivy did not consider the interests of the government in curing any prejudice with a continuance, as opposed to exclusion, and possible lesser sanctions. Given the posture of this case (exclusion of evidence by the district court), the government has raised these issues.