SEYMOUR, Circuit Judge,
dissenting.
Due to my disagreement with the majority’s conclusion that the district court abused its discretion by excluding DNA evidence in response to the government’s discovery violations, I respectfully dissent.
On the day of Mr. Ivory’s arraignment, January 8, 2004, the district court entered a General Order of Discovery and Scheduling in which it instructed the parties to comply with the Federal Rules of Criminal Procedure, including Rule 16:
Within a reasonable time period after arraignment, the government shall comply with Rules 12(d)(2) and 16 and Brady / Giglio. Pursuant to Rule 16, the government shall copy for the defendant or permit the defendant to inspect and copy or photograph: ...
Any results or reports of physical or mental examinations and or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known....
ApltApp., vol. I, at 17-18. The Order also stated that a request is not necessary to trigger the operation of the Rules and that absence of a request may not be asserted as a reason for noncompliance. Id. at 17.
Nearly six months after the Order was issued, defense counsel sent the government a written request to take possession of a firearm found in a vehicle used by Mr. Ivory for independent fingerprint testing. Prompted by this request, on June 10, 2004, the government provided defense counsel with reports indicating that both a fingerprint analysis and DNA swabbing of the firearm had been conducted in October 2008. The government also advised defense counsel that their forensic expert’s report comparing the DNA on the firearms with Mr. Ivory’s DNA would not be available until June 23, 2004. Trial was set to begin July 6. Defense counsel filed a motion to exclude the DNA evidence, which the district court granted, on the grounds that the government had violated the discovery order and Rule 16. The question before this court is whether the district court’s exclusionary sanction in response to the government’s unexcused discovery violations constitutes an abuse of discretion. I conclude that it does not.
Rule 16 warns the parties of the consequences of failing to comply with discovery orders and invests the district court with broad discretion in coping with discovery violations:
(2) Failure to Comply. If a party fails to comply with this rule, the court may:
(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and condition;
(B) grant a continuance;
(C) prohibit that party from, introducing the undisclosed evidence; or
(D) enter any other order that is just under the circumstances.
Fed.R.CrimP. 16(d)(2) (emphasis added). As explained by the majority, the test for determining whether the district court properly excluded evidence pursuant to Rule 16(d)(2) was expressed in United States v. Wicker, 848 F.2d 1059 (10th Cir. 1988):
*634 When the government fails to comply with a discovery order, the factors the district court should consider in determining if a sanction is appropriate are (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government’s delay; and (3) the feasibility of curing the prejudice with a continuance.
Id. at 1061. In Wicker, the court went on to note that “these three factors should merely guide the district court in its consideration of sanctions; they are not intended to dictate the bounds of the court’s discretion.” Id.
The record indicates that the district court weighed the first Wicker factor. The court emphasized that although more than five months had passed since the government knew or should have known about the scientific tests that had been conducted on the firearm, the government provided no explanation for the delay in notifying defense counsel. We have consistently held that a district court may justifiably exclude evidence “on the basis of its unexplained untimeliness alone.” See, e.g., United States v. Adams, 271 F.3d 1236, 1244 (10th Cir.2001) (per Kelly, J.). As the district court noted here, “[tjhere is simply no explanation why the government didn’t follow the order and make some inquiry at an earlier date.” ApltApp., vol. I, at 159. Thus, solely on the basis of the government’s excessive and unexcused delay, the district court was entitled to suppress the DNA evidence.
The court also weighed the second Wicker factor and concluded that the defendant was prejudiced because the government’s delay in producing the DNA test results implicating Mr. Ivory left far too little time for defense counsel to procure an expert of its own to rebut the government’s evidence at trial. The government concedes that Mr. Ivory was so prejudiced.
Finally, the court analyzed the feasibility of curing the prejudice with a continuance and decided that a continuance would not remedy the violation for two reasons. First, because the United States Attorney’s Office had expressly requested a continuance in order to have its DNA expert available for trial, granting that request would have resulted in the bizarre outcome of rewarding—rather than punishing—the government for its discovery violations. While the government was prepared to subpoena the witness if the district court denied its motion, it did not prefer this course of action given the short notice to the witness and her family vacation plans. Second, because the government had failed to provide evidence to defense counsel in a timely manner in several other cases recently before the court, the evidence needed to be suppressed as a prophylactic measure. The district court stated:
This is not the first time this kind of issue has come up before this court. It’s not the first time even in a long time that this issue has come up. On repeated occasions over the last several weeks and months this court has been confronted with the government having been in a position where it did not supply information to the other side in a way timely enough to have a proceeding go forward without having some in depth discussion about why something wasn’t disclosed, what the reasons were, what had happened, and so forth.... [T]he cumulative effect of those cases is to tell me that a continuance in this case would not help address the prophylactic issue, and that is that I believe the government needs to get these matters *635 worked out earlier rather than later so that the court and the defense counsel are not left scrambling at the last minute to deal with the fact that the government has not looked at exhibits, found reports, etc., until the last month before trial.
Aplt.App., vol. I, at 164.
We have repeatedly recognized that “[o]n occasion the district court may need to suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the defendant may not be prejudiced.” Wicker, 848 F.2d at 1061; see also Adams, 271 F.3d at 1244 (“even in the absence of prejudice, a district court may suppress evidence that ‘did not comply with discovery orders to maintain the integrity and schedule of the court’ ”); United States v. Russell, 109 F.3d 1503, 1512 (10th Cir.1997) (“Wicker’s admonition that the trial court must impose ‘the least severe sanction that will accomplish ... prompt and full compliance with the court’s discovery orders’ ... does not mean that a continuance is necessary just because it will cure the prejudice.”). This is because a district court has “inherent power to control and supervise its own proceedings.” United States v. Carrigan, 804 F.2d 599, 603 (10th Cir.1986).
The government contends, and the majority agrees, that the district court did not have authority to rely on discovery violations in other cases in determining sanctions in the present case. I reject this argument for two reasons. First, even assuming the government is correct, the district court did not have to rely on a pattern or practice of discovery violations on the part of the government in order to justify its exclusion of the DNA evidence in this case. As discussed above, the court’s determination that all three Wicker factors weighed in favor of Mr. Ivory was more than enough to entitle it to suppress the evidence, a remedy explicitly authorized by Rule 16. See Fed.R.Crim.P. 16(d)(2)(C).
Second, Supreme Court case law strongly suggests the government’s argument lacks merit given the particular circumstances of this case. In Taylor v. Illinois, 484 U.S. 400, 401-02, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), the Court upheld the trial court’s refusal to allow a witness to testify as a sanction for a defendant’s discovery violation. The Court rejected an argument similar to the one advanced by the government here, that the sanction was “unnecessarily harsh,” due to its concern with the impact of the discovery violation on the “integrity of the judicial process.” Id. at 416. According to the Court,
[i]t may well be true that alternative sanctions are adequate and appropriate in most cases, but it is equally clear that they would be less effective than the preclusion sanction and that there are instances in which they would perpetuate rather than limit the prejudice [to the other party] and the harm to the adversary process.
Id. at 413. Moreover, in a footnote, the Court explained that the trial judge had expressed concern about discovery violations in other trials and, while unrelated violations in other cases would not normally provide a proper basis to exclude the evidence, “[i]f those violations involved the same attorney ... they were relevant.” Id. at 416 n. 22. Here, not only was the prosecutor in the instant controversy involved in one of the other cases cited by the district court for a pattern and practice of discovery violations, all of the cases involved attorneys from the same office— the United States Attorneys’ Office for the District of Kansas. Thus, the violations cited by the district court as a basis for its prophylactic sanction were relevant, and *636 not the sort of “[u]nrelated discovery violations” on which it would have been improper for the district court to rely. Id. In Taylor, the sanction was against defense counsel; obviously discovery violations by other defense counsel in unrelated cases would be totally irrelevant.
I also disagree with the majority’s assertion that the district court’s reliance, “without prior notice,” on four other cases involving the government’s discovery conduct was error and forced the government to attempt to improperly supplement the record on appeal. One of those prior cases involved the same lawyer arguing the government’s motion for a continuance, so she clearly had prior notice. Moreover, if the government wished to discuss or distinguish those prior cases, it should have filed a motion for reconsideration in the district court before it filed its notice of appeal. Instead, it dilatorily waited six months to attempt to supplement the record in the district court, an attempt the district court justifiably dismissed as untimely. To reward the government under these circumstances certainly runs counter to the district court’s right to protect the integrity of its docket by sanctioning the government for a pattern and practice of discovery violations.
In sum, because the government concedes it violated both the discovery order and Rule 16, the district court properly considered each of the Wicker factors, and the court determined that the maintenance of the integrity and schedule of the court required suppression due to a pattern or practice of discovery violations on the part of the United States Attorneys’ Officer for the District of Kansas, I cannot conclude that the district court abused its discretion. That court is in the best position to assess the proper sanction to cure the government’s pattern and practice of discovery violations, and I think we should honor the court’s decision rather than undermine it. For the aforementioned reasons, I dissent.