**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MAURICE IVORY,

    Defendant-Appellant.

No. 05-3448

(D.C. No. 03-CR-20167-JWL)
(D. Kan.)
(396 F. Supp. 2d 1253)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

The Government charged Defendant Maurice Ivory with, among other things, being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g). The district court initially excluded damaging DNA evidence obtained from fingerprints on the handgun as a sanction for the Government's failure to timely furnish such evidence to Defendant. The Government appealed. Viewing the district court's sanction as overly harsh, we reversed in an unpublished opinion. See United States v. Ivory, 131 Fed. Appx. 628, 2005 WL 1079881

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value, consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(g). The case is therefore ordered submitted without oral argument.

(10th Cir. 2005).  On remand, the Government introduced the DNA evidence at trial through an expert witness.  Notably, Defendant's retained counsel did not seek to introduce expert testimony refuting the Government's own DNA expert, although such expert was apparently available and ready to testify.  A jury convicted Defendant of the § 922(g) charge and the district court sentenced him to 262 months imprisonment.  In a motion for a new trial, Defendant continued to argue the DNA evidence should be excluded as a discovery sanction under the district court's initial view of the matter.  Bound by our prior decision, the district court denied Defendant's motion in a published opinion.  See United States v. Ivory, 396 F. Supp. 2d 1253 (D. Kan. 2005).  Defendant appealed.  Our jurisdiction arises under 28 U.S.C. § 1291.  The relevant facts are well stated in the district court's opinion and we need not detail them here.  We recite them only as relevant to our discussion on appeal.[1]

Defendant's appellate argument centers on the alleged ineffective assistance of trial counsel.[2]  While Defendant's brief lists three issues for our consideration, the argument surrounding each ultimately returns to Defendant's central proposition.  As stated in

---

[1] While this appeal was pending, we ordered Defendant's retained counsel "stricken from this appeal" due to counsel's failure to timely file an opening brief after two deadline extensions.  We further referred him to the Tenth Circuit's "attorney discipline program."  Newly appointed counsel had no prior involvement in this matter.

[2] In separate Fed. R. App. P. 28(j) letters, Defendant also seeks to challenge for the first time the legality of his sentence and the search underlying discovery of the weapon.  Unfortunately, issues not raised in an opening brief are deemed waived.  See United States v. Patterson, 472 F.3d 767, 783 (10th Cir. 2006).  Issues adverted to in an opening brief in a perfunctory manner, unaccompanied by some effort at developed argumentation, are likewise deemed waived.  See Hardeman v. City of Albuquerque, 377 F.3d 1106, 1122 (10th Cir. 2004).

Defendant's opening brief: "[T]he real question before this Appellate Court is [Defendant's] ineffective assistance of counsel claim under the Sixth Amendment[.]"[3] To support his claim, Defendant filed a motion "to retain a DNA forensic scientist to provide in affidavit format matters for which [the expert] would have been competent to testify at trial[.]" A two-judge motions panel appropriately denied the motion given our decision in United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) (en banc).

In Galloway, we opined that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." Id. at 1240. The reasons for our view were self-evident:

> A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim.

---

[3] Defendant's second argument squarely addresses the ineffective assistance of counsel issue. Defendant's first argument suggests we should revisit our prior panel decision based on Judge Seymour's dissent. See Ivory, 131 Fed. Appx. at ___, 2005 WL 1079881, at **4-8 (Seymour, J., dissenting). Of course, one panel of this court cannot overrule another panel's decision. See United States v. Brown, 400 F.3d 1242, 1256 (10th Cir. 2005). Moreover, our prior opinion constitutes the law of the case: When a court decides upon a rule of law, that decision generally should continue to govern the same issues in subsequent stages in the same case. See Roth v. Green, 466 F.3d 1179, 1187 (10th Cir. 2006). Defendant's third argument suggests trial counsel's performance was so egregious that we should employ the notion of cumulative error to grant Defendant a new trial. See Short v. Sirmons, 472 F.3d 1177, 1197 (10th Cir. 2006). To accept that argument, we would have to accept Defendant's principal argument, which we leave to another day, that is, whether his trial counsel was constitutionally ineffective.

> An opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand. Thus, even if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views.

Id. (internal footnote omitted).

In this case, the district court, which witnessed the trial as it unfolded, has had no opportunity whatsoever to develop a factual record or pass on the subject of defense counsel's performance in the first instance. Compare United States v. Gallegos, 108 F.3d 1272, 1280 (10th Cir. 1997) (considering an ineffective assistance claim on direct appeal where the claim was adequately developed and well documented in the district court via trial and post-trial motions). Our reasoning in Galloway applies here. For the reasons stated therein, we decline to address the merits of Defendant's ineffective assistance of trial counsel claim on direct appeal. Defendant's appeal is dismissed so that he may raise his ineffective assistance of counsel claim, unencumbered by procedural bar, in the district court pursuant to 28 U.S.C. § 2255. See Galloway, 56 F.3d at 1242-43.

APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge