**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAMON RIVERA,

Defendant-Appellant.

No. 11-4028
(D.C. No. 2:09-CR-00872-DB-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

A federal jury convicted Ramon Rivera of three armed robberies that occurred in the same area in a span of about a month. First hit was the Family Dollar store in Layton, Utah. Next came the Family Dollar store in Clinton. And finally there was the Central Park restaurant in Sunset. At trial, the government presented eyewitness testimony for each crime, physical evidence (including

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

clothes and a gun linking Mr. Rivera to the crimes), surveillance video, expert testimony that Mr. Rivera's cell phone was in the area of the second and third crime sites immediately after the crimes, and incriminating statements Mr. Rivera made both before and after he was taken into custody.

On appeal, Mr. Rivera argues that the district court abused its discretion by failing to grant him a mistrial. He points to the fact that Megan Johnson, a clerk at the Layton Family Dollar and a witness to the first robbery, testified that she had seen a news report on the Clinton robbery and believed the Layton and Clinton robbers to be the same person. Though the government had supplied a witness statement by Ms. Johnson to the defense, Mr. Rivera argues that the statement did not include this particular line of testimony. And the government's failure to disclose this particular line of testimony before trial, Mr. Rivera says, violated legal duties owed to him and entitled him to a mistrial.

Mr. Rivera, however, does little to explain the source of the legal duties he has in mind. He briefly asserts that the government's failure to disclose violated Fed. R. Crim. P. 16, the United States Attorney's Open File policy, and *Brady v. Maryland*, 373 U.S. 83 (1963). But he makes no attempt to explain what portions of these authorities or case law interpreting them support his argument. *Brady*, for example, mandates the disclosure of *exculpatory*, not *inculpatory* evidence such as this. *Id.* at 87-88. And even accepting (without granting) the possibility Mr. Rivera might have a valid but unarticulated argument under Rule 16, it would

not guarantee him a mistrial. A district court has wide discretion in fashioning an appropriate remedy for Rule 16 violations, and in many cases the exclusion of the undisclosed evidence is sufficient to cure any error. *See United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988) ("[T]here is no abuse of discretion when a district judge for prophylactic purposes suppresses evidence . . . the government should have disclosed earlier.") (quotation omitted). And that's precisely what happened in this case. Finding the evidence inadmissible on other grounds, the district court struck Ms. Johnson's testimony regarding the news report and instructed the jury to disregard it. Neither is this the exceptional case where the stricken evidence might have "create[d] so strong an impression on the jurors that they [were] unable to disregard it," and made a mistrial necessary. *United States v. Williams*, 923 F.2d 1397, 1401 (10th Cir. 1990). Given the presence of surveillance video, self-incriminating statements, physical evidence, and expert testimony all pointing independently and collectively to Mr. Rivera's guilt, we can say with certainty that Ms. Johnson's incriminating testimony wasn't so potently prejudicial that a curative instruction was inadequate and mistrial mandatory.

Separately but relatedly, Mr. Rivera argues that the government failed to notify him of the changed testimony of Kelli Eldridge, an employee at the Central Park restaurant and a witness to the third robbery. In a statement taken immediately after the robbery (and provided to the defense), Ms. Eldridge said

she could not remember the height of the robber and did not mention anything about the robber having an accent. At trial, however, she stated that she believed that the robber was between 5'1" and 5'7" and had an accent. Again, Mr. Rivera argues that the government should have disclosed the change in testimony earlier and submits that the district court abused its discretion by not granting a mistrial. In Mr. Rivera's view, prior disclosure of Ms. Eldridge's change in testimony might have led to more effective impeachment and so should have been disclosed under *United States v. Bagley*, 473 U.S. 667, 676 (1985) (extending *Brady* rule to impeachment evidence).

The difficulty is that, even accepting for purposes of our analysis Mr. Rivera's premise that earlier disclosure might have led to more effective impeachment, to establish a *Bagley* violation he must show her testimony was "material," in the sense that it might have affected the outcome of his trial. *Id.* at 674-75. And this is something he cannot do. At trial, there was substantial independent evidence pointing to Mr. Rivera's guilt and Mr. Rivera has identified no reason to believe that further investigation into the discrepancy would have yielded useful exculpatory evidence that might have altered the outcome of his trial.

Finally, and for the first time on appeal, Mr. Rivera challenges other aspects of his trial, including the district court's handling of the testimony of Ms. Price, a witness to the Layton store robbery. As before, Mr. Rivera says the

district court should have granted him a mistrial when the government did not notify the defense Ms. Price would testify on the particular question of the robber's height (namely, that he was shorter than 5'5"). To prevail on issues not raised at trial, however, an appealing party must satisfy the requirements of plain error review. Fed. R. Crim. P. 52(b). Mr. Rivera, however, doesn't even attempt to meet this standard, failing even to mention the plain error standard much less develop any argument suggesting why and how it is met, and all this necessarily "marks the end of the road for [his] argument[s]." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

Affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge