FILED
United States Court of Appeals
Tenth Circuit

October 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MAURICE IVORY,

Defendant-Appellant.

No. 08-3262
(D.C. Nos. 2:03-CR-20167-JWL-1
& 2:08-CV-02250-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Maurice Ivory was convicted of being a felon in possession of a firearm and sentenced to 262 months' imprisonment. He appeals from a district court order that denied his 28 U.S.C. § 2255 motion for sentencing relief. This Court issued a certificate of appealability to consider whether his trial counsel was ineffective in not calling his retained expert to testify about the DNA found on the firearm. We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In January of 2000, police officers working with the FBI's Violent Crime Fugitive Task Force arrested Ivory, who was on parole following an assault conviction, and found him carrying a 9mm semi-automatic handgun. The gun was eventually released to its owner, Ivory's girlfriend. Ivory's parole was revoked, but some time later, he was paroled again.

In September of 2003, officers executing a parole-violation warrant for Ivory at his residence found the same gun, fully loaded, on the front seat of a car parked in the garage. Next to the gun was a bag of crack cocaine, and inside the car's glove box were documents bearing Ivory's name and signature. Ivory was discovered hiding in the home's attic.

Ivory was charged with three counts: (1) possessing crack cocaine with intent to distribute; (2) possessing a firearm in furtherance of drug trafficking; and (3) being a felon in possession of a firearm. At trial, forensic chemist Mary Koch testified that the DNA found on the firearm's trigger guard and slide was consistent with Ivory's DNA profile. There was, however, "a minor portion of the [DNA] mixture" from the slide that was consistent with an unidentified person's DNA; but the "major portion of the mixture" on the slide was consistent with Ivory's DNA. ROA, Vol. 2, Doc. 131 at 240-41. Koch explained that "the person who touched the object last will deposit most of the DNA." *Id.* at 295.

Ivory's theory of the case was that Koch had cross-contaminated the evidence collected from the gun with Ivory's DNA sample when performing her analysis. Ivory's counsel elicited from Koch that cross-contamination had occurred between two other cases in Koch's lab. Specifically, "DNA from one case show[ed] up in the DNA testing from another [case]." *Id.* at 321. But Koch steadfastly refuted defense counsel's attempts to establish a possibility of cross-contamination in Ivory's case. *See, e.g.*, *id.* at 269. The most defense counsel could do was point out that Koch had committed "an isolated clerical error" in her bench notes—by designating the evidentiary samples as "1.2" and "1.3," instead of "2.1" and "3.1," during the DNA quantification phase. *Id.* at 278-79.

To support his cross-contamination theory, Ivory's counsel had retained a DNA expert, Dean Stetler, Ph.D. In response to a government motion to exclude Dr. Stetler's testimony, Ivory's counsel stated that Dr. Stetler would testify "that at certain phases during the DNA testing conducted by the government's experts there were risks of cross contamination" of the evidence samples with the known sample of Ivory's DNA. *Id.*, Doc. 130 at 3. The district court ruled that it would permit Dr. Stetler to testify, but only to the extent explained by defense counsel. At trial, after Koch concluded her testimony, defense counsel summarily informed the court that he would not be utilizing Dr. Stetler.

The jury found Ivory guilty on the felon-in-possession count, but hung on the other two counts. The district court imposed a 262-month sentence.

Ivory appealed, arguing that his counsel was ineffective in not having Dr. Stetler testify. This Court dismissed the appeal, *see United States v. Ivory*, 223 F. App'x 808, 808-10 (10th Cir. 2007), and Ivory pursued his ineffective-assistance claim in the district court, arguing that Dr. Stetler could have undermined key aspects of Koch's testimony.

The district court denied Ivory relief under 28 U.S.C. § 2255. First, it ruled that Ivory's counsel was not deficient in declining to call Dr. Stetler as a witness. The court reasoned that defense counsel made a strategic decision based on the circumstances at the time: (1) Dr. Stetler could be used only regarding the risks of cross-contamination; (2) defense counsel had already succeeded in revealing to the jury both that cross-contamination had occurred in Koch's lab and that Koch had made an error during her analysis of Ivory's case; (3) Koch could be recalled to further refute the defense's cross-contamination theory if Dr. Stetler testified; and (4) the government could undermine Dr. Stetler's testimony on the ground that he had performed no independent testing on the DNA samples in the case. The district court thus concluded that it was not unreasonable to proceed without Dr. Stetler, given the minimal value of his anticipated testimony and the inherent risks of putting him on the stand.

The district court also concluded that there would have been no prejudice even if defense counsel had performed deficiently. Among other things, the court cited evidence showing the connection between Ivory and the car in which the

firearm was found, as well as the evidence that Ivory had possessed the very same firearm in the past.

Ivory now appeals.

## DISCUSSION

We review "the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000) (quotation omitted). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *Id.* at 1197.

To prevail on an ineffective-assistance claim, the petitioner must show both that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Ivory re-asserts his district-court arguments concerning defense counsel's decision to not call Dr. Stetler as a witness. After reviewing the record, the parties' appellate briefs, the district court's thorough order, and the relevant legal authorities, we conclude that the district court did not err in denying Ivory's § 2255 motion.

## CONCLUSION

Accordingly, we AFFIRM the district court's judgment for substantially the same reasons given by the district court in its memorandum and order dated August 22, 2008.

Entered for the Court


Bobby R. Baldock
Circuit Judge